IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRYL AUSTIN, | § | CASE NO:_____ |
| PETITIONER | § | |
| | § | |
| VS. | § | |
| | § | JURY DEMAND |
| ROBERT S. KELLY p/k/a R. KELLY | § | |
| JOHN MOSLEY, POWERMOVE, LLC | § | |
| RSK ENTERPRISES | § | |
| DEFENDANTS | § | HONORABLE:_____ |

**ORIGINAL COMPLAINT**

Petitioner, Darryl Austin, brings this action by and through his attorney, Troy J Wilson, against Defendant Robert S. Kelly (the performer known as "R. Kelly"), an individual residing in Cook County, Illinois, RSK Enterprises, an entity with its principal place of business in Illinois and used by Robert S. Kelly, to do business, John Mosley, an individual residing in Cook County, Illinois, and Powermove, LLC, an entity with its principal place of business in Illinois (hereinafter collectively referred to as "Kelly Defendants as it relates to Defendants' breach of contract of a performance agreement, tortuous interference with business agreement, unjust enrichment, fraud, conversion, injunctive relief, accounting, and slander in connection with offering goods and services and in support, Petitioner alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has Diversity Jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and citizens or subjects of a foreign state and the amount in controversy exceeds the sum or value of $75,000.

2. This Court has supplemental subject-matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district as the negotiation and acceptance of the contract substantially occurred in this district; the injury of Defendants' breach of the contract occurred in this district; the injury to Petitioner of Defendants' fraud occurred in this District, the injury to Petitioner resulting from Defendants' unfair and deceptive trade practices and tortuous interference with agreement occurred in this District; the injury to Petitioner resulting from Defendants conversion occurred in this District and Defendants are either foreign entities or regularly conduct business in this District.

**PARTIES**

4. Petitioner Darryl Austin is a promoter of entertainment events throughout the United States and is now, and was, at all times mentioned in this complaint, a citizen of the United States, doing business in Dallas, Texas, residing in Houston, Texas, Harris County.

5. Defendant Robert S. Kelly is the performing artist known as "R. Kelly" and is an American singer-songwriter, record producer and rapper who has sold more than 40 million albums worldwide. Defendant Kelly is now, and at all times mentioned in this Complaint was, a citizen of the United States, residing in Chicago, Illinois, Cook County.

6. Defendant Robert Kelly is also the owner of the United States trademark "R. Kelly" as it relates to entertainment services in the nature of live musical performances.

7. John Mosley, is on information and belief an individual residing in Chicago, Illinois and the principal of Defendant Powermove, LLC and is a promoter and agent of Defendant, Robert S. Kelly for the purpose of securing performance agreements throughout the United States.

8. The RSK Enterprises entity, is on information and belief, an entity with its principal place of business in Chicago, Illinois and is a company used by defendant, Robert S. Kelly to engage promoters in agreements for performances throughout the United States.

9. At all times herein mentioned, all Defendants, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

10. Each Defendant had actual and/or constructive knowledge of the acts of the other defendant(s) as described herein, and ratified, approved, joined in, acquiesced in,

and/or authorized the breaching and/or infringing acts of the other, and/or retained the benefits of said breaching and/or infringing acts.

11. As a result, each and every defendant should be held jointly and severally liable for the actions and/or omissions complained of herein.

## FACTS

12. Petitioner realleges and incorporates by reference Paragraphs 1 through 11 of this Complaint, as if fully alleged herein.

13. Defendants are performers and/or promoters who engage in concerts throughout the United States and entered into a performance agreement to perform at a concert where defendant R. Kelly was to headline the show and such show is scheduled to be held on April 23, 2015 at the Music Hall at City Park in Dallas, Texas, "the Venue".

14. Petitioner and defendants engaged in negotiations for defendant R. Kelly to perform at the Concert and the authorized agent for Defendant, R. Kelly, and Petitioner Austin reached an agreement for the event which was later reduced to writing.

15. On or about January 26, 2015, the parties finally reached an oral agreement regarding the material terms of Defendant Kelly's performance: namely that Petitioner promoters and owners of the Concert would pay $180,000.00 (One Hundred Seventy-Five Thousand U.S. Dollars) for a 60 minute performance with tracks.

16. On January 27, 2015, Defendants, through John Mosley, sent Petitioner Austin a written offer which included the material terms under which the parties had already agreed to in principal: Defendant Kelly would be paid a performance fee in the amount of $180,000.00 (One Hundred Seventy-Five Thousand U.S. Dollars) for a 60 minute performance on April 22, 2015.

17. On February 11, 2015, the parties amended the January 27, 2015 dated agreement for the performance to change the event from April 22, 2015 to April 23, 2015.

18. In furtherance of the agreement, Petitioner, Darryl Austin, hand-delivered to Defendants payment in the amount of $100,000.00 (One Hundred Thousand U.S. Dollars) which no less than $70,000.00 was deposited directly into the checking account of Defendant, Robert S. Kelly.

19. Consistent with the defendants' course of conduct, once Petitioner made the initial deposit, he was free to advertise and promote the event which he started doing by paying for the venue, buying radio space, and arranging ticket sales through Ticketmaster. Defendant, John Mosley, defendant, R. Kelly's authorized agent, has never complained about any of the aforementioned activities by Petitioner.

20. On February 19, 2015, Petitioner, Darryl Austin, received a cease and desist letter from an attorney, Linda Mensch, purporting to represent defendant, R. Kelly.

21. On the same date, the Venue where the event was to occur in Dallas, Texas received a cease and desist letter from an attorney, Linda Mensch, purporting to represent defendant, R. Kelly.

22. By the time this cease and desist letter was sent, there had been over $105,000.00 of tickets sold for the concert through Ticketmaster and other expenses incurred as mentioned in paragraph 18.

23. While defendant, Robert S. Kelly's representatives claimed that he knew nothing about this event on that date, this is inconsistent with the facts and the representations of his authorized agent, John Mosley, who has contracted concerts for defendant, Robert S. Kelly, throughout the United States including events in Texas and events that are currently scheduled to take place.

24. Furthermore, communications between Petitioner, Darryl Austin, and Kelly's authorized agent, John Mosley, were directly made in a way that included defendant Kelly in the information loop with Kelly never interceding to stop negotiations or finalization of the performance agreement.

25. Subsequently, despite Defendant Kelly's unequivocal acceptance of the agreement, in an almost schizophrenic approach, Defendant Kelly, through a different agent informed Petitioner Darryl Austin that he and the other Defendants did not intend to honor their agreement with Petitioner Darryl Austin and claimed that the deposit had been mistakenly placed in his personal checking account and was being returned to Petitioner Darryl Austin.

26. On or about March 25, 2015, Defendant Kelly returned $70,000.00 of the deposit to Petitioner Darryl Austin which was not the entire amount of $100,000.00 and to
this date, Defendant Kelly has not returned the additional $30,000.00 to Petitioner,
Darryl Austin.

27. Interestingly, defendant Robert S. Kelly, during the time of his rejection of the April 23, 2015 concert date, did not have any events scheduled for April 23, 2015.

28. Petitioner Darryl Austin forewent other lucrative engagements in order to reserve his professional availability for this Concert.

29. Petitioner Darryl Austin incurred expenses in preparing to be present for this Concert.

30.   Petitioner Darryl Austin did not do anything that would cause defendants to renege on their obligation to perform on April 23, 2015 pursuant to the agreement.

## COUNT I
## BREACH OF CONTRACT

31.   Petitioner realleges and incorporates by reference Paragraphs 1 through 30 of this Complaint, as if fully alleged herein.

32.   As described above, the January 27, 2015 written agreement was accepted by Petitioner Kelly and constitutes a valid contract.

33.   Defendant's agent's signature on the agreement constituted acceptance of the agreement which was entitled, "Performance Agreement," and was subsequently amended on February 11, 2015.

*Contract Formation: Consideration*

34.   The Performance Agreement is supported by consideration in the form of an exchange of mutual promises. Defendants agreed to perform for 60 minutes. In exchange, Petitioner promised to pay Defendants $180,000.00.

35.   In addition or in the alternative, the Performance Agreement is supported by further consideration in the form of each party foregoing legal obligations and rights. Petitioner forewent booking alternative performances. Defendants allowed advertisements that Defendant R. Kelly would be headlining their Concert.

*Defendants' Breach of Express Terms*

36.   Rather than executing a long form agreement in good faith, after Petitioner Austin accepted Defendants' material terms, Defendants informed Petitioner that they would not honor the Performance Agreement, thereby breaching the agreement.

*Defendants' Breach of Implied Contract Terms*

37.   The Performance Agreement, like all contracts entered into in Illinois, contained an implied duty of good faith and fair dealing. Defendants had a duty to perform its obligations under the Performance Agreement consistent with its duty of good faith and fair dealing and Defendants breached the same by unilaterally refusing to honor the same while continuing to maintain a part of Petitioner's initial deposit and wasting the advertisement and promotion of the Concert that enticed consumers to purchase tickets.

*Causation and Damages*

38. As an actual and proximate result of Defendants' breaches of these express and implied contractual terms described herein, Petitioner Darryl Austin has suffered harm and is threatened with additional harm. Petitioner has been damaged insofar as he is being denied the benefit of the concert which would have profits exceeding $100,000.00, he forewent other performance opportunities expecting the presence of Defendant, R. Kelly on April 23, 2015; moreover his reputation has been damaged in that Defendant's fans are now expecting him to perform and have tickets to see him perform only to be disappointed to find out that he will not be performing, and think it is Petitioner, Darryl Austin's fault. The venue has lost confidence in Petitioner Darryl Austin's ability to follow through when he books events at their facility and will require more upfront money for him to reserve events and refuse to return any payments made thus far for this event. Moreover, he incurred expenses in preparing for the presence of R. Kelly at the event including radio advertisement and other promotional activities, among others to be shown at trial.

39. Petitioner has attempted to mitigate his damages but given the late notice of Kelly's breach and his status as a performer and the promotional activities already done, Petitioner has not been successful in booking an alternative performance.

*Specific Performance*

40. As a result, monetary damages may be insufficient to remedy Petitioner's reputational damages and Defendants should be required to specifically perform under the terms of the Performance Agreement.

41. *In the alternative*, if the Court determines that an award of damages will be a sufficient remedy, Petitioner seeks damages for Defendant's breach of contract to the maximum extent allowed by law, and, in any case, interest, costs, and attorneys' fees in an amount to be determined at trial.

**COUNT II FALSE REPRESENTATIONS AND DETRIMENTAL RELIANCE**

42. Petitioner realleges and incorporates by reference Paragraphs 1 through 41 of this Complaint, as if fully alleged herein.

43. Defendants, by their false representations caused Petitioner's detrimental reliance upon their representations resulting in wrongful deprivation of Petitioner's good name and reputation, and financial damages in loss of expenses paid, loss of profits, attorney fees and costs.

44. Petitioner's action concerning Defendants' misrepresentation is related to Petitioner's breach of contract action since both actions are based on the same operative facts.

45. These acts of misrepresentation made by Defendants have caused Petitioner damages in that fans of R. Kelly have purchased tickets to see Defendant Kelly perform under the tradename "R. Kelly," when Defendant Kelly will not be performing due solely to Defendants' actions. As a result, the R. Kelly fans will be disappointed, tarnishing the reputation of the promoter, Darryl Austin.

## COUNT III
## FRAUD AND CONVERSION

46. Petitioner realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint, as if fully alleged herein.

47. The conduct of defendants constitute fraud in that they individually and collectively tricked Petitioner into giving them a deposit of $100,000.00 knowing that they had no intention of performing the event on April 23, 2015 and converted the money for their own use.

48. In fact defendant, R. Kelly, had a management agreement in place that precluded him from performing in the Dallas market but in order to deprive Petitioner of his money defrauded him into an agreement he never planned to fulfill and to this date had failed to return all of the deposit to Petitioner thus converting it for his own use.

49. Petitioner encourages this court for punitive damages against defendants for their willful fraud committed in this transaction and scheme.

## COUNT IV
## TORTIOUS INTERFERENCE WITH AGREEMENT

50. Petitioner realleges and incorporates by reference Paragraphs 1 through 49 of this Complaint, as if fully alleged herein.

51. Once Petitioner and defendants had an agreement in place, defendant, R. Kelly, implored his own representatives to interfere with the agreement in place between the venue and the promoter, Petitioner, Darryl Austin.

52. The venue and Petitioner, Darryl Austin, had an agreement for his use of the Music Hall at Fair Park for a concert with R. Kelly on April 23, 2015 but on February 19, 2015, Kelly's representative sent a letter to the venue disavowing the concert date and damaging the relationship between the venue and Petitioner, Darryl Austin.

53. By refusing to perform pursuant to his contract with Petitioner, Darryl Austin, defendant, R. Kelly, made the building of no use for Darryl Austin and the venue on April 23, 2015 which impacts concession sales and profits from parking and causes a conflict in the relationship between the venue and Darryl Austin.

54. This will result in higher costs and expenses for Darryl Austin and the possible deprivation of use of the facility for future events.

55. Defendants should be made to pay all expenses related to their tortuous interference of an agreement.

56. Petitioner encourages this court to punitive damages against defendants for their willful fraud committed in this transaction and scheme.

## COUNT V
## ACCOUNTING

57. Petitioner realleges and incorporates by reference Paragraphs 1 through 56 of this Complaint, as if fully alleged herein.

58. Petitioner asks this court to order Defendants to give an accounting for the $100,000.00 deposit paid to Petitioners and to provide evidence of what happened to the $100,000.00 from the time it was received until the date of the accounting, including the bank accounts or other financial accounts in which the deposit was deposited.

59. Petitioner believes as defendants have represented that defendant, Robert S. Kelly commingled the $100,000.00 with his own funds and has failed to give an account of same to Petitioner.

Because defendant John Mosley was at all relevant times working in concert as the authorized agent of Robert S. Kelly, Petitioner asks the court to hold each of the defendants individually and jointly liable to Petitioner for the breaches alleged in this petition.

## INJUNCTIVE RELIEF REQUESTED

Furthermore, Petitioner asks that this court grant an injunction enjoining defendants from:

1. engaging in any activity that can damage the reputation of Petitioner,

2. making any false representations about Petitioner,

**WHEREFORE**, Petitioner Darryl Austin, by and through his attorney, Troy J Wilson, request judgment against the Defendants, jointly and severally, for:

1. Breach of contract damages in the amount of $180,000.00;

2. Compensatory damages in the form of damage to reputation;

3. Compensatory damages for those expenses Petitioner incurred in preparing to be present to perform at the Concert;

4. *In the alternative*, an order requiring Defendants to specifically perform the Performance Agreement;

5. Additional damages for an amount determined at trial for unfair and deceptive trade practices, fraud, detrimental reliance, unjust enrichment and tortuous interference

6. Punitive damages for willful fraudulent conduct;

7. Reasonable attorney fees;

8. The costs of this action including, but not limited to, expert fees;

9. Such other and further relief as the court deems proper.

## JURY TRIAL DEMANDED

Petitioner demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Troy J Wilson*
Attorney for Petitioner
Troy J Wilson, Attorney at Law
8019 West Grand Parkway South Suite 144
Richmond, Texas 77407
(281) 670-7557
Fax (281) 605-1321
Email tjwlaw777@yahoo.com
SBOT # 00786356
Dated: March 26, 2015